## UNITED STATES v. MOLNAR et al.

### Civil Action No. 22825.

District Court, N. D. Ohio, E. D.

July 10, 1945.

Don C. Miller, U. S. Atty., and F. B. Kavanagh, Asst. U. S. Atty., both of Cleveland, Ohio, for plaintiff.

Lester L. Roth, of Cleveland, Ohio, for defendants.

JONES, District Judge.

This cause came on to be heard on the 10th day of May, 1945, for trial to the court upon the pleadings, evidence, exhibits, statements, stipulations, and arguments of counsel for both of the parties, and after full consideration of this cause the Court finds:

1. That there is no dispute as to the material facts alleged in the complaint;

2. That the dwelling as alleged in the complaint was constructed by the defendant Nicholas F. Molnar on the premises known as 3572-4 Warren Road, City of Cleveland, County of Cuyahoga, and State of Ohio, in compliance with War Production Board Conservation Order L-41, Gen-

eral Preference Order P–55–b, and National Housing Administration General Order (Regulation) No. 60–3 (Subsection 3.01), which provides that such dwelling must be held solely for rental to eligible war workers for the duration of the war emergency, or sold to a person who would so hold the dwelling for rental;

3. That said dwelling after it was constructed was sold by the said defendant Nicholas F. Molnar to the defendants Myra W. Dobbs and Clara W. Stevens with full notice to them of the restrictions and limitations imposed upon said dwelling by reason of the priorities assistance given under the Rules and Regulations aforesaid to the defendant Nicholas F. Molnar for its construction;

4. That the defendants Myra W. Dobbs and Clara W. Stevens did obtain a certificate to evict the defendant Walter H. McConnell from said dwelling, from the Office of Price Administration;

5. That the said defendant Walter H. McConnell was at all the time of his occupancy of said dwelling as alleged in the complaint an eligible war worker entitled to occupy said dwelling;

6. That to permit the eviction of the defendant Walter H. McConnell from the occupancy of said dwelling by the action instituted by the defendants Myra W. Dobbs and Clara W. Stevens, in the Municipal Court of the City of Cleveland, would result in immediate irreparable injury, loss, damage to the Government of the United States and the people of the United States in the successful prosecution of the provisions of the National Defense Act and the Second War Powers Act, thereby diverting the use of scarce materials and facilities incorporated in said dwelling contrary to the purpose of the authorization and priorities assistance which were granted to the defendant Nicholas F. Molnar in the construction of said dwelling under the Regulations and Orders of the War Production Board and the National Housing Administration;

7. That the certificate to evict the defendant Walter H. McConnell obtained by the defendants Myra W. Dobbs and Clara W. Stevens from the occupancy of said dwelling did not supersede or release the limitations imposed upon said dwelling;

8. That the said certificate issued to the defendants Myra W. Dobbs and Clara W. Stevens by the Office of Price Administration to evict the defendant Walter H. McConnell was permissive and not directive.

It is therefore ordered, adjudged, and decreed:

1. That the Temporary Restraining Order heretofore entered without notice to the defendants shall continue in full force and effect pending the entry of the following order granting a Permanent Injunction;

2. That defendants Myra W. Dobbs and Clara W. Stevens their agents and servants are herewith enjoined until the termination of the national emergency from renting, selling or otherwise disposing of the dwelling located at 3572–4 Warren Road, City of Cleveland, County of Cuyahoga, and State of Ohio, contrary to the provisions of General Preference Order P–55–b, and the covenants and condition contained in defendant Nicholas F. Molnar's application for authority to construct said dwelling and to obtain war production priorities assistance to secure materials for use in said construction;

3. That defendant Walter H. McConnell's right to occupy said dwelling as an eligible war worker is hereby confirmed and that defendants Myra W. Dobbs and Clara W. Stevens, their agents and servants, are enjoined from interfering in any way with such occupancy, until the further order of this Court. Notice by Clerk hereby waived.

This action having been tried by the court without a jury, the court hereby makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. That there is no dispute as to the material facts, and that the jurisdiction of this court is based upon Section 24(1) of the Judicial Code, Sec. 41(1), Title 28 U.

S.C.A. and the Act of Congress of March 27, 1942;

2. That at all times alleged in the complaint the Second War Powers Act 1942, Act of Congress March 27, 1942, Title 50 U.S.C.A.Appendix, § 633, as amended thereafter, and the Regulations and Orders issued thereunder, were in full force and effect;

3. That the Federal Housing Administration and the National Housing Agency were at all times alleged in the Complaint agencies and instrumentalities of the United States;

4. That all Orders, Regulations, and Delegations of Authority referred to in said complaint were issued under the authority of the aforesaid Acts of Congress, more particularly War Production Board Conservation Order L–41, which order prohibits all building construction as defined therein without the approval of the War Production Board;

5. That War Production Board General Preference Order P–55–b, referred to in said complaint, provides for the granting of authorization under said Conservation Order L–41 for housing construction and for the use of the War Production Board priorities assistance to get materials for construction, more particularly for housing projects for the occupancy thereof certified, and that said dwelling house located at 3572–4 Warren Road, City of Cleveland, occupied by the defendant, Walter H. McConnell, was constructed by virtue of the aforesaid priorities assistance and the defendant Walter H. McConnell was a certified war worker and occupied said dwelling as provided by the Regulations and Orders aforesaid;

6. That the defendant Nicholas F. Molnar in compliance with said Regulations and Orders was the original owner and builder of said dwelling in accordance with and subject to the provisions of War Production Board General Preference Order P–55–b, for the purpose of providing rental dwellings for eligible war workers;

7. That thereafter, the said Nicholas F. Molnar sold said dwelling to the defendants Myra W. Dobbs and Clara W. Stevens subject to the provisions and restrictions under which said dwelling was constructed in compliance with War Production Board Order L–41 and Preference Order P–55–b; and more particularly National Housing Administration General Order (Regulation) No. 60–3 (Subsection 3.01) which provides that such housing must be held solely for rental to eligible war workers for the duration of the war emergency, or sold to a person who would so hold the dwelling for rental;

8. That thereafter with full knowledge of the said restrictions for the uses of said dwelling the defendants Myra W. Dobbs and Clara W. Stevens applied to and obtained from the Office of Price Administration a certificate to take steps necessary to evict the defendant Walter H. McConnell and to permit the occupancy of said dwelling by Clara W. Stevens not an eligible war worker;

9. That the said defendant Clara W. Stevens thereafter instituted an action in the Municipal Court of the City of Cleveland to evict said defendant Walter H. McConnell to enable her to occupy the premises when so vacated;

10. That said eviction proceedings were stayed by reason of the Temporary Restraining Order issued out of this court without notice to the defendants on April 20, 1945;

11. That nothing in these findings is to be construed to invalidate the sale and transfer of the said dwelling by the said defendant Nicholas F. Molnar to the said defendants Myra W. Dobbs and Clara W. Stevens, by reason of the fact that the said defendant Nicholas F. Molnar, original owner and builder of said dwelling, failed to notify the War Production Board as required by its Orders and Regulations, for the sale of said dwelling to the defendants Myra W. Dobbs and Clara W. Stevens, the said defendant Nicholas F. Molnar having otherwise fully complied with said Orders and Regulations by giving the defendants Myra W. Dobbs and Clara W. Stevens full information concerning the restrictions and purposes for which said dwelling was constructed.

Conclusions of Law.

1. That the dwelling herein referred to was constructed under priorities assistance provided for in War Production Order L–41 and General Preference Order P–55–b and (Regulation) No. 60–3 (Subsection 3.01), of the National Housing Administration for rental to eligible war workers.

2. That if the defendants Myra W. Dobbs and Clara W. Stevens are permitted to prosecute further eviction proceedings in the Municipal Court of the City of Cleveland, all the provisions, restrictions and limitations for the use and occupancy of said dwelling by other than an eligible war worker would be defeated and such action would result in immediate irreparable injury, loss, and damage to the Government of the United States and the people of the United States in the successful prosecution of the National Defense Act and of the Second War Powers Act, by the use of scarce construction materials and facilities incorporated in said building contrary to the purposes of the authorization and priorities assistance which were granted under the Regulations and Orders of the War Production Board and of the National Housing Administration.

3. That the certificate to evict the defendant Walter H. McConnell obtained by the defendants Myra W. Dobbs and Clara W. Stevens from the Office of Price Administration from the occupancy of said dwelling did not supersede or release the limitations imposed upon said dwelling in its construction by the defendant Nicholas F. Molnar under the provisions of the Regulations and Orders of the War Production Board and the National Housing Administration.

4. That the original owner and builder was bound by these Regulations and Orders and they attached to the right of occupancy limited for the duration of the war to that of eligible war workers as provided in the application for construction with priorities assistance.

5. That certificate to evict issued to the defendants Myra W. Dobbs and Clara W. Stevens by the Office of Price Administration was permissive, not directive.